UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
CHANA GANSBURG
on behalf of herself and
all other similarly situated consumers

                          Plaintiff,

      -against-


CREDIT CONTROL, LLC D/B/A
CREDIT CONTROL & COLLECTIONS, LLC

                        Defendant.

----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Chana Gansburg seeks redress for the illegal practices of Credit Control, LLC d/b/a Credit Control & Collections, LLC, concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Hazelwood, Missouri.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Chana Gansburg*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about September 6, 2017, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Upon information and belief, the said letter was the Defendant's initial communication with the Plaintiff.

12. Within the said letter, the Defendant provided the Plaintiff with her validation rights, including the right to dispute the debt, in writing and request the validity of the debt.

13. The said letter contained more than one address, each one belonging to the Defendant.

14. The consumer is completely left in the dark as to which address to send his or her dispute to.

15. The said letter does not direct the consumer as to which P.O. Box is for disputes.

16. Said language is deceptive as it leads the least sophisticated consumer to be confused as of her rights to dispute the debt with the debt collector.

17. The letter provides the consumer no direction as to how to go about disputing her debt.[1]

18. This defect renders the validation notice ineffective in violation of Section 1692g, and deceptive in violation of 15 U.S.C. §§ 1692e and 1692e(10).

19. On information and belief, the said letter is a standardized form letter.

20. On information and belief, the Defendant's collection letters, such as the said September 6, 2017 collection letter, number in the hundreds.

21. Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) for providing more than one address in its letter, thereby confusing the consumer as to which address to send disputes to.

22. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

23. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

24. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

25. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

26. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

27. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

---

[1] Carbone v. Caliber Home Loans, Inc., 2016 U.S. Dist. LEXIS 138433, *9-11 ("Here, Plaintiff has plausibly alleged that the "above referenced address" is materially misleading. True, the FDCPA does not impose a requirement on the number of addresses listed in a notice of debt. But the issue is that the "above referenced address" in Texas, which is to be used for any written requests, is for return mail only. At the end of the letter, however, the Notice of Debt advises Plaintiff to send any written requests to an Oklahoma address. (*See* Notice of Debt.) It would appear that written requests are directed to an address that only handles return mail. Accordingly, the hypothetical least sophisticated consumer could be confused by the presence of these two addresses. . . Plaintiff's allegations that two addresses are materially misleading are sufficient to plausibly state a claim.")

28. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

29. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

30. As an actual and proximate result of the acts and omissions of Defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

31. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty (30) as if set forth fully in this cause of action.

32. This cause of action is brought on behalf of Plaintiff and the members of a class.

33. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about September 6, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Bank of America; and (b) the collection letter was returned by the postal service as undelivered;

(c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e and 1692e(10) for providing more than one address, thereby confusing the consumer as to which address to send disputes to.

34. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

   D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

35. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally

unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

36. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

37. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

38. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

39. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

   A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

   B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

   C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
July 20, 2018

     /s/ Adam J. Fishbein
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

     /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

PO BOX 51790
LIVONIA MI 48151-5790

RETURN SERVICE REQUESTED



CREDIT CONTROL, LLC DBA CREDIT CONTROL & COLLECTIONS, LLC
PO Box 546
Hazelwood MO 63042
PHONE: (877) 980-1040

CHANA GANSBURG

CREDIT CONTROL, LLC
PO BOX 546
HAZELWOOD MO 63042-0546

09/06/17

To make a payment online, please visit our website at www.credit-control.com.

| Reference # : | Account # : | Amount Due: |
|---|---|---|
| 26 | #############5464 | $ 4,723.08 |
| Original Creditor: Bank of America, N.A. | | |
| Current Creditor: Bank of America, N.A. | | |

✂ Detach Upper Portion And Return With Payment ✂

*** IMPORTANT COLLECTION NOTICE ***

REFERENCE # : 26

RE : Your account with our client
**Bank of America, N.A.**

CREDIT CONTROL, LLC DBA CREDIT CONTROL & COLLECTIONS, LLC
PO Box 546
Hazelwood MO 63042
PHONE: (877) 980-1040

ORIGINAL CREDITOR: Bank of America, N.A.
The total amount of the debt due as of charge-off: $4723.08
The total amount of interest accrued since charge-off: $0.00
The total amount of non-interest charges or fees accrued since charge-off: $0.00
The total amount of payments and credits made on the debt since the charge-off: $0.00
**AMOUNT DUE : $ 4,723.08**

Dear CHANA GANSBURG,

Please be advised that the account listed above has been referred to us by the above creditor in the amount of $ 4723.08 representing the balance due for services rendered and accepted.

Unless you, within 30 days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office. If you notify this office in writing within the 30-day period that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within the 30-day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Very Truly Yours,

*John Crosby*
JOHN CROSBY
Senior Claims Adjuster

To make a payment online, please visit our website at www.credit-control.com.

This communication from a debt collector is an attempt to collect a debt. Any information obtained will be used for that purpose.

**PLEASE SEE THE ADDITIONAL PAGE FOR IMPORTANT INFORMATION**

S-ONPREC20  L-001-NY P7DD2A00301095 -526445202 I04378