UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
CHANA GANSBURG, on behalf of
herself and all other similarly situated
consumers,

                 Plaintiff,               **MEMORANDUM AND ORDER**
                                                      Case No. 18-CV-5054 (FB) (ST)
   -against-

CREDIT CONTROL, LLC D/B/A
CREDIT CONTROL &
COLLECTIONS, LLC,

                 Defendant.
---------------------------------------------------x

**BLOCK, Senior District Judge:**

The plaintiff in this action under the Fair Debt Collection Practices Act received a debt collection letter from the defendant. The letter advised as follows:

> Unless you, within 30 days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office. If you notify this office in writing within the 30-day period that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within the 30-day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Compl., Ex. The letter bears the heading "***IMPORTANT COLLECTION NOTICE***." *Id.* Immediately below and to the right of that heading is the defendant's name and the address "PO Box 546, Hazelwood MO 63042." *Id.*

1

Above the letter is a detachable payment slip pre-addressed to "CREDIT CONTROL, LLC, PO BOX 546, HAZELWOOD MO 63042-0546." *Id.* The same address appears in the upper-right-hand corner of the payment slip. In the upper-left-hand corner, however, is a different address: "PO BOX 51790, LIVONIA MI 48151-5790." *Id.* The defendant's name does not appear above that address; below it is the instruction "RETURN SERVICE REQUESTED." *Id.*

The plaintiff's complaint alleges that the letter is deceptively confusing, in violation of § 1692e of the FDCPA, because it does not inform the recipient which post office box to use for debt disputes. It further alleges that this "defect" renders the validation notice ineffective, in violation of § 1692g. The defendant has moved for summary judgment, arguing that its letter is not confusing as a matter of law.

In *Saraci v. Convergent Outsourcing, Inc.*, No. 18-cv-6505, 2019 WL 1062098 (E.D.N.Y. Mar. 6, 2019), Judge Cogan analyzed a similar letter. As here, the letter in *Saraci* instructed the recipient to send disputes to "this office." *Id.* at *1. As here, two different addresses appeared on the letter. An address in Renton, Washington, appeared on the letter three times, each time under the defendant's name. *See id.* An address in Oaks, Pennsylvania, appeared in the upper-left-hand corner without the defendant's name. *See id.* Judge Cogan concluded that "nothing about this letter would cause a consumer to send payment to the wrong address or interfere with his ability to dispute a debt," *id.* at *3, and that "[i]ts only

2

reasonable reading suggests that the least sophisticated consumer would know to mail their disputes to defendant's office in Renton, Washington," *id.* at *4.

The Court agrees with Judge Cogan's analysis and reaches the analogous conclusion that the least sophisticated consumer would know to mail a dispute to the post office box in Hazelwood, Missouri. In addition, plaintiff's counsel conceded at an informal premotion conference that a dispute sent to either post office box would have reached the defendant, but argued that it was irrelevant. To the contrary, a collective letter is *deceptively* ambiguous "when it can be reasonably read to have two or more different meanings, *one of which is inaccurate*." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996) (emphasis added). Plaintiff's counsel offers nothing to distinguish that proposition. Indeed, he has not filed anything in opposition to the defendant's motion.

For the foregoing reasons, the defendant's motion for summary judgment is granted and the complaint is dismissed with prejudice.

**SO ORDERED.**

  /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 27, 2019

3